## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **Civil Action No. 3:21-cv-19313 (ZNQ) (TJB)** |
| **SWAPNIL J. REGE, and SWAPSTAR CAPITAL, LLC,** | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| **REEMA REGE,** | ) ) ) | |
| Relief Defendant. | ) ) | |

## FINAL JUDGMENT
## AS TO DEFENDANT SWAPNIL J. REGE

The Securities and Exchange Commission having filed a Complaint, and

Defendant Swapnil J. Rege ("Defendant" or "Rege") having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject

matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Rege is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1)&(2)], directly or indirectly, singularly or in concert, by use of the mails or any means or instrumentality of interstate commerce, by employing any device, scheme or artifice to defraud any client or prospective client and/or engaging in any act, practice or course of business which operate as a fraud or deceit upon a client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rege is permanently restrained and enjoined from violating Section 203(f) of the

Advisers Act [15 U.S.C. § 80b-3(f)], by willfully becoming or being associated with an investment adviser without the consent of the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rege is permanently restrained and enjoined from violating the Commission's order dated July 18, 2019 in the administrative proceeding captioned *In the Matter of Swapnil J. Rege*, File No. 3-19257, which, among other things, (i) ordered him to cease and desist from committing or causing any violations and any future violations of Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder [15 U.S.C. § 80b-6(1), (2), and (4) & 17 C.F.R. § 275.206(4)-8], and (ii) barred him from association with any investment adviser, broker, dealer, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization, and prohibited him from serving or acting as an employee, officer, director, member of an advisory board, investment

3

adviser or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter, with a right to apply to the Commission for reentry after three years.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rege is liable, jointly and severally with Defendant SwapStar Capital, LLC ("SwapStar"), for disgorgement in the amount of $4,894,225, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $161,335, pursuant to Section 21(d)(7) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(7)].  Rege is also liable, jointly and severally with SwapStar, for a civil penalty in the amount of $207,183, and Rege is further severally liable for an additional civil penalty in the amount of $207,183, pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant shall satisfy this obligation by paying $5,469,926 to the

4

Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Rege as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

5

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as

6

penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that Defendant is entitled to, nor shall Defendant further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the following financial institutions shall transfer the entire balance of the following

account(s) which were frozen pursuant to an Order of this Court to the

Commission:

| Account Owner: | Financial Institution: | Account No. Ending in: |
|---|---|---|
| Swapnil J. Rege | Bank of America | *7800, *7813 |
| Swapnil J. Rege/ Reema S. Rege | Fidelity Brokerage Services | *3826 |
| Swapnil J. Rege | Vanguard | *1146 |
| Swapnil J. Rege/ Reema S. Rege | Wells Fargo | *9874, *6253 |
| Swapnil J. Rege/ ******* Rege | Wells Fargo | *0666 |

To the extent any of the above accounts hold only cash assets, the financial

institution shall transfer the account balances to the Commission within 3 days

after being served with a copy of this Final Judgment.  However, to the extent any

of the above accounts hold non-cash assets, the financial institution shall sell,

liquidate, or otherwise convert such non-cash assets to cash before transferring the

account balances to the Commission, and shall transfer the cash proceeds, along

with any other cash balances in the account, to the Commission within 10 days after being served with a copy of this Final Judgment.  If, after using reasonable efforts, the conversion of non-cash assets to cash and the transfer of account balances to the Commission cannot be accomplished within 10 days, the financial institution shall notify the Court and the Commission's counsel of the circumstances contributing to the delay.

The above institutions may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  The above institutions also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant's Consent is incorporated herein with the same force and effect as if

fully set forth herein, and that Defendant shall comply with all of the undertakings

and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that,

solely for purposes of exceptions to discharge set forth in Section 523 of the

Bankruptcy Code, 11 U.S.C. §523, any debt for disgorgement, prejudgment

interest, civil penalty or other amounts due by Defendant under this Final

Judgment or any other judgment, order, consent order, decree or settlement

agreement entered in connection with this proceeding, is a debt for the violation by

Defendant of the federal securities laws or any regulation or order issued under

such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.

§523(a)(19).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

of this Final Judgment.

So Ordered this 23rd day

of August ,20 22

Hon. Zahid N. Quraishi
United States District Judge

10